```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

JOSEPH BREFO-SARPONG,

                    Petitioner,              MEMORANDUM & ORDER
                                              19-CV-6053(EK)(LB)
          -against-

SUPERINTENDENT WALCOTT, Orleans
Correctional Facility

                    Respondent.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Joseph Brefo-Sarpong, appearing *pro* se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition on the ground that all of Petitioner's claims remain unexhausted. For the reasons set forth below, Respondent's motion is granted, and the petition is dismissed without prejudice.

**I.**

Petitioner was arrested on August 30, 2016 and charged with two counts of Operating as a Major Trafficker, N.Y. Penal Law § 220.77(2).  Petition (Pet.) at 2,[1] ECF No. 1.  On January 10, 2018, Petitioner pleaded guilty to one such count; he was sentenced to eight and one-half years in prison, followed by

---

[1] The citations to the petition refer to the pagination assigned by ECF.

1

five years of post-release supervision.  *Id.* at 1, 43.  Judgment was entered on January 31, 2018.  *Id*. at 13.

On November 20, 2018, Petitioner filed a motion to vacate the conviction under N.Y. Criminal Procedure Law § 440.10 in New York State Supreme Court, Richmond County.  *Id*. at 13.  By order dated April 17, 2019, the court denied that motion in part on procedural grounds, finding that the claims raised should have been brought on direct appeal instead of in a Section 440.10 proceeding.  *Id.* at 43-44 (*People v. Brefo-Sarpong*, Indictment No. 225-2016, at 1-2 (N.Y. Sup. Ct. Apr. 17, 2019)).  The court noted that Petitioner had not filed a direct appeal.  *Id.* at 44.

Petitioner had moved the Appellate Division, Second Department for an extension of time to appeal the January 31, 2018 judgment.  Pet. at 4.  On April 11, 2019, the Second Department deemed Petitioner's moving papers to be a timely notice of appeal.  *Id*. at 33.  According to an attachment to the instant petition, on May 2, 2019, Petitioner filed an actual notice of appeal with the Appellate Division.  *Id*. at 35.

Plaintiff also attaches to the petition a letter dated July 26, 2019 to the Clerk's Office of the Second Department "seeking the right to prosecute this appeal" *pro se* and seeking leave to "consolidat[e]" the Section 440.10 judgment "with the direct review."  *Id*. at 38.

2

On October 25, 2019, while his state appeal was still pending, Petitioner filed this habeas petition, asserting four grounds for relief: (1) the state court lacked jurisdiction; (2) his guilty plea was not knowing and voluntary because the trial court judge failed to advise him of the imposition of post-release supervision; (3) he received ineffective assistance of trial counsel; and (4) N.Y. Penal Law § 220.77(2) is void for vagueness.  *Id*. at 5-11.

On January 30, 2020, Respondent moved to dismiss the habeas petition without prejudice due to Petitioner's failure to exhaust his claims in state court.  Notice of Mot., ECF No. 8.  Respondent also asked that if the Court were to deny the motion to dismiss, Respondent be granted additional time to file a response to the petition, *id.*, which would include the trial court record.

In support of the motion to dismiss, Respondent filed a declaration by Assistant District Attorney Thomas B. Litsky[2]

---

[2] The Litsky Declaration was originally filed on January 30, 2020 without Litsky's signature.  ECF No. 8-1.  On February 21, 2020, Petitioner filed a motion to strike the declaration due to this error.  ECF No. 10.  On February 24, 2020, Respondent filed a signed version of the Litsky Declaration and served a copy on Petitioner.  ECF No. 9.  On March 6, 2020, Petitioner moved to dismiss the signed Litsky Declaration, arguing it violated the amendment procedures in Fed. R. Civ. P. 15.  ECF No. 11.

Rule 11(a) of the Federal Rules of Civil Procedure states, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Therefore, failure to sign is generally considered a mere technical defect if attributed to inadvertence or excusable neglect.  *Cf. Wrenn v. New York City Health & Hosps. Corp.*, 104

(the "Litsky Declaration"), made upon Litsky's review of "records on file in the Richmond County District Attorney's Office and . . . and [a January 20, 2020] telephone conversation with the Clerk's Office at the Appellate Division, Second Department."  Litsky Decl. ¶ 3, ECF No. 8-1.  Litsky reports that the Clerk's Office informed him that Petitioner never perfected his direct appeal, that the appeal is still pending, and that it has not yet been dismissed by the court for failure to perfect.  Id. ¶ 10.

The Litsky Declaration acknowledges the District Attorney's Office's receipt of a "service copy" of Petitioner's July 26, 2019 letter to the Second Department.  Id. ¶ 9.  However, according to the Litsky Declaration, the Clerk's Office at the Second Department informed him that they had no record of receiving or docketing that letter motion.  Id. ¶ 10.

Following Respondent's motion to dismiss, Petitioner filed three submissions with this Court.  Only the third submission, filed on May 26, 2020, addresses Respondent's argument that Petitioner's claims have not been exhausted.  Mot. to Compel, ECF. No. 13.³  Petitioner alleges, conclusorily, that

---

F.R.D. 553, 556–57 (S.D.N.Y. 1985) (finding no excusable neglect where, after defendant pointed out of the defect, the plaintiff took over five weeks to provide the court with a signed pleading).  Here, Respondent's initial failure to sign falls into the excusable neglect category.  Petitioner's motion to strike is denied.

³ In light of this Order dismissing the petition, Petitioner's motion to compel production of the state court record, ECF No. 13, is denied as moot.

he "exhausted his remedies," *id.* at 3, while at the same time questioning whether the exhaustion requirement should apply in light of the COVID-19 pandemic, *see id.* at 4, and stating that he "made an attempt to appeal the [Section 440.10] motion," *id.* at 6.[4]

## II.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), subject to limited exceptions not currently in issue, an application for a writ of habeas corpus shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." To fulfill this exhaustion requirement, "a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state." *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (internal quotations omitted).

To exhaust claims resolvable on the trial record, a petitioner in New York "must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). It is evident from both parties' submissions that Petitioner filed notice of a direct appeal.

---

[4] The Litsky Declaration controverts this last assertion as well. Litsky declares, "[n]or did the Court have any motion seeking leave to appeal the order denying relief under Criminal Procedure Law § 440.10." Litsky Decl. ¶ 10.

5

However, Petitioner submits no evidence that this appeal was ever concluded, and according to Respondent it remains unperfected. Therefore, the claims he asserts in this petition – the same claims he raised in the Section 440.10 motion, according to the Section 440.10 briefs and order he attached to the petition – should be raised on direct review.

Neither has Petitioner exhausted any constitutional claims through a Section 440.10 motion to vacate the judgment. Although the state Supreme Court denied Petitioner's Section 440.10 motion in part on the ground that the claims should have been brought on direct appeal, the record does not demonstrate that Petitioner sought leave to appeal that decision. *See Pesina v. Johnson*, 913 F.2d 53 (2d Cir. 1990) (a petitioner must also present Section 440.10 claims to the highest state court, even if the statutory time limit for petitioner to appeal the denial of a Section 440.10 motion has passed).

Dismissal of this action does not put Petitioner at risk of violating the one-year limitations period imposed on habeas petitions by 28 U.S.C. § 2244(d). The limitations period begins to run once a "final" judgment is entered – that is, "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Campos v. Smith*, No. 15-CV-6580, 2017 WL 1025850, at *3 (E.D.N.Y. Mar. 15, 2017) ("[E]ven if petitioner does not

6

perfect his direct appeal, petitioner's judgment will only be considered final thirty days after the Appellate Division dismisses the appeal as abandoned and if petitioner does not seek leave to appeal to the New York Court of Appeals."). There is no indication a final judgment has been entered against Petitioner; therefore the limitations period has not yet begun to run.

In addition, a petition dismissed for failure to exhaust state-court remedies does not count for the purpose of determining whether a future petition is second or successive. *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005) (noting that, for purposes of Section 2254 petitions, dismissal of a petition for "correctable error" including "failure to exhaust state remedies" is not an "adjudication on the merits" that would render a subsequent petition "second or successive"); *Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition was dismissed without prejudice for failing to exhaust state remedies).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. In addition, Petitioner's motion to strike, ECF No. 10, is denied and his motion to compel production of the

7

state-court record, ECF No. 13, is denied as moot. Because Petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    August 7, 2020
           Brooklyn, New York